# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA KINCHEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-848-SDD-EWD** |
| **HARTFORD FIRE INSURANCE COMPANY** | |

## NOTICE AND ORDER

Before the Court is a Notice of Removal filed by Defendant Hartford Fire Insurance Company ("Defendant").[1] Defendant removed this matter, which appears to involve a motor vehicle accident that occurred on Interstate 10 and allegedly caused injuries to Plaintiff Joshua Kinchen ("Plaintiff"), from the Twenty-First Judicial District Court for the Parish of Livingston[2] on September 18, 2018.[3] Defendant asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] The Notice of Removal makes the following allegations regarding the citizenship of the parties and the amount in controversy:

3.

The above entitled cause is a civil action which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 as this court has original jurisdiction of the claim under 28 U.S.C. § 1332 "Diversity of Citizenship" in that:

(a) According to plaintiff's well-pleaded complaint, Joshua Kinchen is a resident of and domiciled in Livingston Parish, Louisiana;

(b) Defendant Hartford Fire Insurance Company is a foreign insurer domiciled in Connecticut;

---

[1] R. Doc. 1.
[2] The Petition for Damages ("Petition") attached to the Notice of Removal is incomplete. The Petition's caption states "PARISH OF EAST BATON ROUGE" at the top of R. Doc. 1-2, p. 1. However, the Petition bears the stamp of the Clerk of the Twenty-First Judicial District Court at R. Doc. 1-2, pp. 1 and 3, which corresponds to Defendant's assertions in the Notice of Removal at R. Doc. 1, introductory paragraph, that the suit was initially filed there.
[3] R. Doc. 1, R. Doc. 1-2, pp. 1-2. Portions of the Petition's allegations that potentially relate to the accident are not in the record.
[4] R. Doc. 1, ¶ 3.

4.

Plaintiff's claim is a cause removable from the State Court to the District Court of the United States under the terms of 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy is reasonably believed to exceed the sum or value of $75,000 exclusive of interest and costs. Attached hereto is a report by Dr. F. Allen Johnston which states that Joshua Kinchen "underwent lumbar RFAs" (radio frequency ablations). Also attached is an "Injury Evaluation Solutions Analyzer Report" showing medical bills, processed from September 5, 2017 to April 30, 2018 totaling $40,325. The total damages for a cause involving radio frequency ablations and medical bills of $40,325 would be reasonably expected to exceed $75,000.[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. §1332. The Notice of Removal does not adequately allege the citizenship of either Plaintiff or Defendant. Regarding Plaintiff, Defendant incorrectly states that "according to plaintiff's well-pleaded complaint (sic, Petition)," Plaintiff is a resident of and "domiciled in Livingston Parish, Louisiana."[6] In fact, the Petition alleges that Plaintiff is a "resident…of the Parish of Livingston, State of Louisiana."[7] Allegations of residency are insufficient to establish citizenship. *See, e.g.*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)

---

[5] R. Doc. 1, ¶ 4. Plaintiff claims injuries "to various parts of his body, including but not limited to his neck and back…causing her (sic) severe pain and suffering." R. Doc. 1-2, p. 2 (incomplete). Plaintiff seeks past, present, and future loss of wages and earning capacity, past, present, and future medical expenses, past and future physical pain and suffering, disfigurement, disability, past and future mental anguish and loss of enjoyment of life. R. Doc. 1-2, ¶ 6. Regarding Plaintiff's past medical expenses, a review of the "Injury Evaluation Solutions Analyzer Report" listing diagnoses of Plaintiff from September 5, 2017, which appears to be the date of the accident (*see* R. Doc. 1-2, ¶ 4 (incomplete)), until January 31, 2018, but which also apparently covers treatment ending April 30, 2018, indicates "$40,325.90" in "Total Medical Bills Processed" from 13 unique providers. R. Doc. 1-8. However, it also indicates that "$10,363.90" was processed as duplicates, leaving a balance of $29,962,00 in past medical expenses for diagnosed injuries including cervicalgia, myalgia, intervertebral disc disorder with radiculopathy, other intervertebral disc displacement, pain in shoulder, ankle, low back, and thoracic spine, sprained ligaments in cervical and lumbar spine and left and right hips, several strained muscles, headaches, insomnia, and "other spondylosis lumbar region." R. Doc. 1-8. Also attached to the Notice of Removal is the report of Dr. F. Allen Johnston, which reflects that Plaintiff received treatment for his shoulder and a shoulder injection through at least about August 7, 2018, and had at the time of that visit recently received "RFAs" (*i.e.*, "radio frequency ablations," according to Defendant) with a different provider. R. Doc. 1-7, R. Doc. 1 ¶ 4. The approximately $30,000 incurred for past medicals expenses, Plaintiff's continuing treatment involving RFAs and injections, and the lengthy list of diagnoses, coupled with Plaintiff's claims for general damages and lost wages, indicate that the amount in controversy requirement of greater than $75,000 exclusive of interest and costs is likely to be met.
[6] R. Doc. 1, ¶ 3.
[7] R. Doc. 1-2, introductory paragraph.

(citations omitted). Accordingly, Defendant must file an amended Notice of Removal, as ordered below, that provides a sufficient allegation regarding Plaintiff's citizenship.

Additionally, citizenship has not been adequately pled as to Defendant, who is alleged to be the provider of commercial automobile liability coverage to the vehicle, either in the Notice of Removal or the state court pleadings attached thereto.[8] As set forth above, the Notice of Removal merely asserts that Defendant is "a foreign insurer domiciled in Connecticut."[9] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). Defendant must properly identify its citizenship, *i.e.*, place of incorporation and principal place of business.

Finally, Defendant is ordered to provide complete and legible copies of all the pleadings that were filed in the state court record at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hartford Fire Insurance Company shall have seven (7) days from the date of this Order to file a comprehensive amended Notice of Removal, without further leave of Court, that includes all of Defendant's numbered allegations, as revised, supplemented, and/or amended, that properly sets forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

---

[8] R. Doc. 1, ¶ 2 and R. Doc. 1-2, ¶¶ 3, 9.
[9] R. Doc. 1, ¶ 3.

**IT IS FURTHER ORDERED** that Defendant Hartford Fire Insurance Company shall attach complete and legible copies of all pleadings that were filed in the state court record at the time of removal to its amended Notice of Removal.

Signed in Baton Rouge, Louisiana, on September 21, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**